IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
Baltimore Division

| | | |
|---|---|---|
| In re: | ) | Case No. 26-17757-MMH |
| | ) | (Chapter 11) |
| PSC Thrive, LLC | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | Case No. 26-17758-MMH |
| In re: | ) | (Chapter 11) |
| | ) | |
| Jenk's Best Living, LLC | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |

**MOTION FOR JOINT ADMINISTRATION**

Come now Jenk's Best Living, LLC ("Jenk's") and PSC Thrive, LLC ("PSC") (collectively, the "Debtors" and each a "Debtor"), by and through undersigned proposed counsel, pursuant to Federal Rule of Bankruptcy Procedure 1015, and move this Honorable Court to jointly administer the two above-captioned proceedings, and in support thereof state as follows:

I.      **Introduction**

These cases concern an apartment building, the fiduciary lapses of an individual charged with operating that building, and the usurious lending practices of a former multinational arms dealer. The building is known as Thrive. The person putatively at the helm of the building is Marc Kulick ("Mr. Kulick"). And the onetime gun runner is Efraim Diveroli ("Mr. Diveroli"), whose company—YSA Investments 1, LLC ("YSA")—quite literally made a loan at the rate of 7,000% per annum.

While there is admittedly some complexity to the interplay between these characters and plot pieces, the fundamental impetus for the filing of these cases was a putative loss of Thrive (the

1

apartment building) to YSA, via the recordation of a deed in lieu of foreclosure. For myriad reasons, the Debtors maintain the deed to be void (or voidable), insofar as Mr. Kulick well exceeded any apparent—much less actual—authority in pledging Thrive as collateral for a series of conscious-shocking loans that did not benefit Thrive. Yet, even if the deed were found to be otherwise valid, the instrument would be avoidable under the provisions of chapter 5 of the Bankruptcy Code as both a preference and a fraudulent conveyance.

These issues—and many others—will play out as the two Debtors yearn to reorganize. An adversary proceeding will be docketed shortly, alongside other so-called "first day" motions. Reason well dictates that certain "second day" motions are likely to ensue. And the two Debtors—a holding company (PSC) and its subsidiary (Jenk's)—will be impacted, cumulatively but oft-distinctively, throughout.

Given the *sui generis* nature of the issues in these cases, the relationship between the parties, and the reality that a joint plan of reorganization is likely (albeit not certain) to ultimately grace the docket, it is sensible to jointly administer the two matters.

## II.      Standard

The Federal Rules of Bankruptcy Procedure openly contemplate the joint administration of affiliates' bankruptcy estates, permitting, *inter alia*:

> If a joint petition or two or more petitions are pending in the same court by or against … (4) a debtor and an affiliate, the court may order a joint administration of the estates. Prior to entering an order the court shall give consideration to protecting creditors of different estates against potential conflicts of interest.

Fed. R. Bankr. P. 1015(b).

## III.      Argument: Joint Administration is Appropriate

Where, as here, two chapter 11 cases concern an entity and its partially-owned subsidiary, joint administration (but not substantive consolidation) is often facially appropriate. The

efficiencies of case management are well promoted through the use of a single docket, hearings are streamlined, and palpable legal fees are preserved by avoiding unnecessary duplication in document drafting and filing.

The Debtors are statutory affiliates for purposes of Rule 1015 analysis. Specifically, PSC owns 50% of Jenk's; such renders PSC an "affiliate" of Jenk's. *See* 11 U.S.C. § 101(2)(A). And this reality does, too, render Jenk's an "affiliate" of PSC. *See* 11 U.S.C. § 101(2)(B).

This Honorable Court has previously ordered joint administration of cases where the debtors are affiliates of one another. *See In re City Homes III LLC*, 564 B.R. 827, 829 (Bankr. D. Md. 2017) ("The other Debtors were described as 'affiliates' with 'common ownership through CHI' and because of this interconnectedness, the Joint Administration Motion was granted on September 12, 2013 and the cases have since been collectively administered through the portal of City Homes III's Docket."). Anecdotally, the practice is relatively common, extending to numerous unpublished cases (with the commonality, and generally unobjectionable nature, of joint administration orders necessarily inviting a context where few published opinions ever find their way into Lexis and Westlaw).

At bottom, these are cases that can—and should—be administered jointly. Such is efficient and synergistic, with no discernable downside. The Debtors will maintain separate claim registers. And joint administration can always be reconsidered or terminated if something unexpected comes to pass. But, as the world sits today, join administration is simply too compelling an option to be passed up as creditors, this Honorable Court, and all other parties in interest begin to work to form an understanding of the novel and oft-inane facts that have caused the two Debtors to seek to reorganize in chapter 11.

.

3

**IV.      Conclusion**

WHEREFORE, the Debtors respectfully pray this Honorable Court (i) jointly administer, but not substantively consolidate, these two cases; (ii) designate the matter of *Jenk's Best Living, LLC* as the lead case, in which all filings—excepting proofs of claim—shall be docketed; (iii) direct each Debtor to continue to maintain a separate claims register; and (iv) afford such other and further relief as may be just and proper.

Respectfully submitted,

Dated: July 19, 2026          By:      /s/ Maurice B. VerStandig
                                                 Maurice B. VerStandig, Esq.
                                                 Bar No. MD18071
                                                 The VerStandig Law Firm, LLC
                                                 9812 Falls Road
                                                 #114-160
                                                 Potomac, Maryland 20854
                                                 (301) 444-4600
                                                 mac@mbvesq.com
                                                 *Proposed Counsel for the Debtors*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 19th day of July, 2026, a copy of the foregoing was served electronically upon filing via the ECF system, with copies being sent to all parties receiving electronic notice herein.

/s/ Maurice B. VerStandig
Maurice B. VerStandig

4